IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS MATTHEW BERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv301-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Douglas Matthew Berry's ("Berry") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Doc. No. 1.[1]

### I.  BACKGROUND

On March 30, 2015, Berry pleaded guilty under a plea agreement to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(a)(1). At sentencing on July 30, 2015, the Government moved for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), based on Berry's

---

[1] References to "Doc. No(s)" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

(continued…)

substantial assistance.[2] The district court granted the downward departure and sentenced Berry to 36 months in prison. Berry took no appeal.

On April 25, 2016, Berry filed this § 2255 motion asserting as his sole claim that his trial counsel rendered ineffective assistance by failing to ensure that a two-level firearm enhancement under U.S.S.G § 2D1.1(b)(1) was removed from his presentence investigation report ("PSI"). Doc. No. 1 at 4. For the reasons that follow, the Magistrate Judge recommends that Berry's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II. DISCUSSION

### A. *General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is

---

[2] A motion under § 5K1.1 authorizes the sentencing court to depart below the applicable advisory guideline range in determining the advisory guideline sentence, and a § 3553(e) motion permits the court to sentence below a statutory minimum. *See Melendez v. United States*, 518 U.S. 120, 128–29 (1996). The presentence investigation report ("PSI") calculated Berry's guideline range as 121 to 151 months in prison, *see* Doc. 10-1 at ¶ 59, and Berry's offense carried a statutory mandatory minimum sentence of 10 years, *see* 21 U.S.C. § 841(b)(1)(B) (for persons with one prior felony drug conviction). Thus, the 36-month sentence imposed against Berry after the § 5K1.1/§ 3553(e) downward departure was well below both Berry's advisory guideline range and the otherwise applicable statutory minimum.

reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.  *Ineffective Assistance of Counsel*

#### 1.  *Strickland* Standard

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the

3

petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 2. § 2D1.1(b)(1) Firearm Enhancement

Berry claims his trial counsel was ineffective for failing to ensure that a firearm enhancement under U.S.S.G § 2D1.1(b)(1)[3] was "removed" from his PSI. Doc. No. 1 at 4. He maintains the district court "indicated that it would remove the two-level enhancement from [his] sentence and presentencing report for the possession of a firearm during commission of a drug crime." *Id*. According to Berry, subsequent to his sentencing, the Bureau of Prisons ("BOP") determined that he was ineligible for a sentence reduction under 18 U.S.C. § 3621(e)[4] because the firearm enhancement was applied to his sentence. *Id*. Thus, he says he was prejudiced by his counsel's failure to ensure that the enhancement was not applied to him. *Id.*

---

[3] Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a 2-level specific offense characteristic enhancement "[i]f a dangerous weapon (including a firearm) was possessed" during commission of the offense. *See* U.S.S.G. 2D1.1(b)(1). The commentary provides that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.*, comment. (n.3).

[4] Section 3621(e) provides that "every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment," and provides for "residential substance abuse treatment" based on the prisoner's proximity to release date. 18 U.S.C. § 3621(e)(1). Under § 3621(e)(2)(b), prisoners convicted of nonviolent offenses who successfully complete a BOP substance abuse treatment program may have their sentences reduced by up to one year by the BOP.

When Berry was arrested at his residence in November 2014, DEA agents seized 468 grams of methamphetamine, drug paraphernalia, and five firearms. Doc. No. 10-1 at ¶¶ 13 & 21. The firearms were found in plain view in Berry's residence. *Id.* at ¶ 13. The PSI found that Berry was subject to the two-level § 2D1.1(b)(1) enhancement based on these firearms. *Id.* at ¶ 27. Berry's trial counsel raised no objections to the § 2D1.1(b)(1) enhancement before or during sentencing, and the PSI was adopted by the district court. *See* Doc. No. 9-5 at 2.

In an affidavit filed with this court, Berry's trial counsel, George B. Bulls II, states that Berry told him three of the firearms found in his residence—two shotguns and a rifle—were his two young sons' personal hunting guns, but that Berry never suggested the other firearms found in his residence—two pistols—belonged to anyone other than himself. Doc. No. 3 at 1–2. Under the circumstances, Bulls found no viable basis to argue against the applicability of the § 2D1.1(b)(1) enhancement. *Id*. at 2. According to Bulls, when he reviewed the PSI with Berry, Berry never asked him to contest the firearm enhancement and never questioned its validity. *Id.* at 3.

Bulls's affidavit indicates that his primary focus before Berry's sentencing was obtaining a downward departure, and a variance if possible, based on Berry's substantial assistance to the Government. *See* Doc. No. 3 at 2–4. By the time of sentencing, Bulls believed the Government would move for a six-level § 5K1.1/§ 3553(e) departure to lower

Berry's sentencing range to 63 to 78 months.[5]  *Id.*  This was communicated to Berry.  *Id.*  According to Bulls, "[t]his range was always understood to include the two (2) level enhancement for the firearms found in Mr. Berry's trailer." *Id*. at 3.  Thus, Bulls says, "Mr. Berry had prepared himself for a sentence of at least 63 months." *Id*. at 4.

At sentencing, Bulls argued that, in addition to the downward departure, Berry should also receive a downward variance of at least two points "for the dangers he may face in prison" due to his cooperation with the Government.  Doc. No. 3 at 4; Doc. No. 9-5 at 5.  Although the district court denied the motion for a downward variance, it granted a § 5K1.1/§ 3553(e) downward departure greater than what was requested by the Government, finding that Berry's level of cooperation with the Government warranted a sentence of 36 months.  Doc. No. 9-5 at 9–11.

According to Bulls, approximately two weeks after Berry was sentenced, Berry, through his mother, began to ask Bulls in phone calls and text messages whether the district court had applied the § 2D1.1(b)(1) enhancement to his sentence.  Doc. No. 3 at 4.  Bulls told Berry's mother that the enhancement was applied to Berry.  *Id*.  In his affidavit filed with this court, Bulls explains the ensuing events:

> I soon learned Mr. Berry had discovered that once in the custody of the Bureau of Prisons (BOP) and due to the firearm enhancement he would not be entitled to any sentence reductions for successfully completing a drug treatment program the prison offered.  [District Court] Judge Dubose in her sentencing order did request that Mr. Berry be sent to a facility where intensive drug treatment would be provided.  Unfortunately, because of the firearm enhancement Mr. Berry was not eligible for the reduction as he was

---

[5] In an addendum to the plea agreement, the Government agreed that Berry had provided substantial assistance and that, therefore, the Government would move for a § 5K1.1/§ 3553(e) departure at Berry's sentencing.

6

> considered a violent offender. He would be allowed to complete the course for his own betterment, but if another actually qualified inmate came into the program, then Mr. Berry would be the first removed and even if he did complete the program he would not get a sentence reduction. Mr. Berry then began emailing me through the prison's sponsored emailing system, CorrLinks, asking me to check with Judge Dubose about amending the presentence report to remove the gun enhancement so he could fully complete the drug program. Sometime in January, I called Judge Dubose's chambers and spoke to one of her clerks about the process of getting the judge to amend the presentence report. I was told that the only way this would be considered is if I filed a motion for her to reconsider. I then spoke with AUSA Jonathan Ross if he would object to this request and he informed me the Government would. Given the Government's stern opposition to this request I advised Mr. Berry that the chances of the judge overruling the Government's objections to our request were slim to none. The main justification for my opinion was the fact firearms were actually found in his possession at his trailer and he could not dispute they were not a means of protection in his methamphetamine business. I told Mr. Berry to let this go and be grateful he only had 36 months (actually less than this with his time already served) as compared to the 63 we originally thought he would get.
>
> I thought this matter about the firearm enhancement was over until I received Mr. Berry's instant filing. I immediately wrote an email to him questioning specifically his contention that I had failed to ensure the gun enhancement was removed. He wrote me back saying he had not read over his filing, but that he in no way was dissatisfied with my performance in defending him. Rather, he said he filed it only to try and get the enhancement removed. I believe he confused previous statements made to him by DEA officials saying they were not going to charge him with the weapons found. I told him those statements more than likely were meaning that because of his immediate cooperation, DEA would not try and add a felon in possession charge against him as he was a convicted felon at the time he got the instant charges. Through these emails, which I can make available to the Court, Mr. Berry said he would not have filed the instant petition had he read it and known that what he was alleging was that I was ineffective as his attorney. Through these back-and-forth emails he said he understood the enhancement as proper. His sole basis for filing his petition was to simply ask the Court to remove the enhancement so he could get extra time off of his sentence once he completes the drug treatment classes.

Doc. No. 3 at 4–6.

7

Although afforded an opportunity to do so, Berry filed no response with this court objecting to Bulls' version of events, or with any statements by Bulls in his affidavit. *See* Doc. No. 12.

Nowhere does the record reflect that any court (either the magistrate judge who took Berry's guilty plea or the district judge at sentencing) told Berry it intended that the § 2D1.1(b)(1) firearm enhancement not be applied to his offense level. At sentencing, the district court adopted the findings in Berry's PSI, which included the finding that the firearm enhancement applied. Doc. No. 9-5 at 2. Berry's counsel, Bulls, cannot be ineffective for failing to ensure that the district court follow through with something the court never indicated it intended to do.

Further, Bulls did not act unreasonably in failing to challenge the § 2D1.1(b)(1) firearm enhancement, either before sentencing or after Berry told him he was ineligible for a sentence reduction under 18 U.S.C. § 3621(e) because the firearm enhancement was applied to his sentence. When Berry was arrested, large amounts of methamphetamine, drug paraphernalia, and several firearms were found in his residence. Although Berry told Bulls that three of the firearms were his sons' hunting guns, Berry did not deny that two pistols found in his residence were his. Bulls found no viable basis to argue against the applicability of the firearm enhancement because the facts did not support a claim that none of the firearms found in Berry's residence were used in facilitating his drug operation. Berry himself has never denied that he possessed firearms in the commission of his offense. The Eleventh Circuit has recognized that the § 2D1.1(b)(1) firearm enhancement is warranted where the evidence establishes that the firearm was present at the site of the

8

charged conduct or that the defendant possessed a firearm during conduct associated with the offense of conviction. *See United States v. Willis*, 284 F. App'x 687, 689 (11th Cir. 2008). Because the facts fully supported application of the firearm enhancement, Bulls acted reasonably in not objecting to the enhancement before sentencing, and in deciding not to file a motion to reconsider with the district court after sentencing—particularly given the Government's statement that it would oppose any post-sentencing motion seeking to amend the PSI to remove the firearm enhancement.

Moreover, Berry fails to present evidence showing he was prejudiced by Bulls's performance. He does not demonstrate that the § 2D1.1(b)(1) firearm enhancement was inapplicable to him under the facts of the case and the relevant law, and he sets forth no facts or argument suggesting a reasonable likelihood that a further attempt by Bulls to "remove" the enhancement from his PSI would have succeeded. Finally, as the Government notes, Berry does not actually establish he would be ineligible for a sentence reduction under § 3621(e) upon completing a BOP substance abuse treatment program. He does not provide the court with affidavits or documents from the BOP indicating that he would be ineligible for a sentence reduction or that he has been denied eligibility for a sentence reduction based on the firearm enhancement.[6]

Having established neither the performance nor prejudice prong of *Strickland*, Berry is entitled to no relief on his claim of ineffective assistance of counsel.

---

[6] If Berry believes the BOP is improperly denying him eligibility for a sentence reduction under § 3621(e) based on the firearm enhancement applied to his sentence, his remedy would be to file a 28 U.S.C. § 2241 petition in the district court in the jurisdiction where his is incarcerated after exhausting the BOP's administrative remedies.

### III. CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Berry be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that on or before October 4, 2018, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 21st day of September, 2018.

                                            /s/ Susan Russ Walker
                                            Susan Russ Walker
                                            United States Magistrate Judge